RECEIVED & FILED
'03 FEB 25 A 9 29
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA

Plaintiff

v.                                           Civil No. 97-2026(SEC)

ALL MONIES in, including but not
limited to, account no(s). ... in the
name of Flor de Maria Cacho Bonilla,
ET AL

Defendants

## OPINION AND ORDER

Pending before the Court is Plaintiff's motion requesting lift of stay **(Docket # 46)** and entry of summary judgment against the remaining Defendants **(Docket # 47)**. Defendants have opposed the motion for summary judgment and have also filed a cross motion for summary judgment **(Docket # 59)**. Plaintiff has not opposed Defendants' motion. After carefully examining the parties' arguments and the applicable law, Plaintiff's request to lift stay is **GRANTED**, and its motion for Summary Judgment is **DENIED**. Defendants' motion for summary judgment on the other hand, will be **GRANTED**.

**Factual Background**

On July 8, 1997, an In Rem Forfeiture Action was filed against seven (7) defendants which constituted funds deposited in several different Bank Accounts of Banco Bilbao Vizcaya **(Docket # 2)**. The Government Filed this civil forfeiture action against the Defendant Monies, alleging that they are subject to forfeiture under 18 U.S.C. § 981 under the theories of mail fraud and health care offense, directly related to the issuance of a grand jury indictment against Flor de Maria Cacho Bonilla and others in **Criminal No. 97-145(DRD)**. Flor de Maria Cacho Bonilla was convicted in that criminal case for Frauds and Swindles: Mail Fraud, Loan and Credit Applications in General; Conversion to own use of the Property of Another and Conspiracy to Defraud the United States.

Defendants #1 and #2 were in the name of Acción Social de P.R., Inc. (ASPRI),




Civil No. 97-2026(SEC)                                                                                                   2

___

Defendant #3 was in the name of Center of Education and Community Services, Inc. (CECSI), and Defendant #4 was not identified.

As to Defendants #1-4 no claims were ever filed and a Default Decree of Forfeiture was entered by the Court on March 24, 1998 **(Docket # 36 )**. As to defendants #5-7 verified claims were filed by Daniel Paz and his mother Flor de Maria Cacho Bonilla.

Before any discovery could be conducted the Government filed a Motion Requesting Stay of Proceedings on March 31, 1998, which was granted by the Court on April 8, 1998, due to the filing of criminal charges against claimant Flor de Maria Cacho Bonilla. On September 6, 2002, the United States requested the lifting of the stay of proceedings after the conclusion of said criminal case. On that same date the government filed the present Motion for Summary Judgment.

**Summary Judgment Standard**

Fed. R. Civ. P. 56(b) provides that: "A party against whom a claim . . . is asserted . . . may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part [of the claims asserted against him/her]." The Court may grant the movant's motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248(1986); NASCO, Inc. v. Public Storage, Inc., 29 F.3d 28 (1st Cir. 1994). "The principal judicial inquiry required by Rule 56 is whether a genuine issue of material fact exists." Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2725, p.401.

In this regard, the First Circuit Court of Appeals has noted that for a dispute to be "genuine," there must be sufficient evidence to permit a reasonable trier of fact to resolve the issue in favor of the non-moving party. U.S. v. One Parcel of Real Property, 960 F.2d 200, 204 (1st Cir. 1992); see also Boston Athletic Assn. v. Sullivan, 867 F.2d 22, 24 (1st Cir.

Civil No. 97-2026(SEC)                                                                                 3

___

1989); Medina Muñoz v. R.J. Reynolds Tobacco, 896 F.2d 5, 8 (1st Cir. 1990) ("[a] 'genuine' issue is one that must be decided at trial because the evidence, viewed in the light most favorable to the non-movant, would permit a rational fact finder to resolve the issue in favor of either party.") (citations omitted).

By like token, "material" means that the fact is one that might affect the outcome of the suit under the governing law. Morris v. Government Development Bank of Puerto Rico, 27 F.3d 746, 748 (1st Cir. 1994). "A fact is material if it tends to resolve any of the issues that have been properly raised by the parties." Wright, Miller & Kane, supra, § 2725 at p. 419. "Not every genuine factual conflict necessitates a trial. It is only when a disputed fact has the potential to change the outcome of the suit under the governing law if found favorably to the nonmovant that the materiality hurdle is cleared." Martínez v. Colón, 54 F.3d 980, 983-984 (1st Cir. 1995).

In addition, when determining whether to grant summary judgment, the Court may not weigh the evidence. Casas Office Machines, Inc. v. Mita Copystar America, Inc., 42 F.3d 668 (1st Cir. 1994). Summary judgment "admits of no room for credibility determinations, not room for the measured weighing of conflicting evidence such as the trial process entails." Id. (citing Greensburg v. Puerto Rico Maritime Shipping Authority, 835 F.2d 932, 936 (1st Cir. 1987)). Accordingly, if the facts permit more than one reasonable inference, the court on summary judgment may not adopt the inference least favorable to the non-moving party. Casas Office Machines, 42 F.3d at 684.

While the moving party has the burden of initially establishing that there is "an absence of evidence to support the nonmoving party's case", Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1984); the non-movant has a "corresponding obligation to offer the court more than steamy rhetoric and bare conclusions." Lawton v. State Mutual Life Assurance Company of America, 101 F.3d 218, 223 (1st Cir. 1996). Furthermore, "the non-movant must produce specific facts, in suitable evidentiary form' sufficient to limn a

**Civil No. 97-2026(SEC)**                                                                 4

trial worthy issue . . . . Failure to do so allows the summary judgment engine to operate at full throttle." Id.; see also Kelly v. United States, 924 F.2d 355, 358 (1st Cir. 1991) (warning that "the decision to sit idly by and allow the summary judgment proponent to configure the record is likely to prove fraught with consequence."); Medina Muñoz, 896 F.2d at 8, (quoting Mack v. Great Atlantic and Pacific Tea Co., 871 F.2d 179, 181 (1st Cir. 1989)) (holding that "[t]he evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a fact finder must resolve.")

Local Rule 311(12), moreover, requires the moving party to "file annexed to the motion a separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried . . . ." Unless the non-moving party controverts this statement, all the material facts set forth therein "shall be deemed to be admitted." Id. This is the so-called "anti-ferret rule." See, e.g., Orbi, S.A. v. Calvesbert & Brown, 20 F. Supp. 2d 289, 291 (D.P.R. 1998). While failure to comply with this rule does not automatically warrant the granting of summary judgment, "it launches the non-movant's case down the road toward an early dismissal." Tavárez v. Champion Products, Inc., 903 F. Supp. 268, 270 (D.P.R. 1995). In the present case, Plaintiff has failed to file an opposition to Defendants' motion for summary judgement. Therefore, the following facts, as set forth in Defendants' statement of material facts, are deemed admitted for the purposes of resolving Defendants' motion.

**Applicable Law and Analysis**

The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Pub. L. No. 106-185, 114 Stat. 202 (2000), applies to all forfeiture proceedings commenced on or after August 23, 2000. CAFRA does not apply to this action because it was commenced before August 23, 2000. Under the law prior to CAFRA, the government had the initial burden of showing probable cause for the forfeiture. Once that is established, the burden shifts to the claimant

to prove, by a preponderance of the evidence, either that the property is not forfeitable because there was no probable cause or that he/she was an "innocent owner." See United States v. All Assets of GPS Automotive Cori., 66 F.3d 483, 487 (2d Cir. 1995); United States v. Daccarett, 6 F.3d 37, 57 (2d Cir. 1993).

Under 18 U.S.C. § 981 property involved in mail fraud and other specified illegal activities, including proceeds from such activities, is forfeitable to the United States Government. However, 18 U.S.C. § 983 provides an exception for an owner who was without knowledge of, or did not consent to, the illegal activity involving the property. In order for a claimant to have standing to challenge the forfeiture action, he or she must show to be "the colorable owner of the *res* or (one) who has any colorable possessory interest in it." United States v. U.S. Currency, $81,000.00, 18 F. 3d 28, 35 (1st Cir. 1999). The claimant must also show that he or she is an "innocent owner" in order to defeat the forfeiture. This requirement of establishing "innocent ownership" interest in the defendant property is separate and distinct from his duty to establish standing to contest the forfeiture claim. United States v. U.S. Currency, 18 F.3d at 33.

In simple terms, the claimant must first be a legal owner; then whether an individual qualifies for this "innocent owner" defense depends on whether the individual had actual knowledge of the illegal taint of the *res*. The claimant must show that he or she did not know of or consent to illegal activity and also had done all that reasonably could be expected to prevent the illegal use of the property. Any claimant who was involved in the illegal obtaining or use of government funds could never qualify as an innocent owner.

Courts have repeatedly rejected the granting of summary judgment in forfeiture cases where the government has failed to established a nexus between the property it seeks to forfeit and the crime for which said forfeiture is based upon. See U.S. v. Parcel of Land and Residence at 28 Emury St., 914 F.2nd 1, 3-4 (1st Cir. 1990); U.S. v. $405,089.23 U.S. Currency, 122 F.3rd 1285, 1289-1291 (9th Cir. 1997); U.S. v.$448,342.85, 969 F.2nd 474,

Civil No. 97-2026(SEC)                                                                 6

---

476 (7th Cir. 1992); U.S. v. Twenty (20) Cashiers Checks, 897 F.2nd 1567, 1569-1570, (11th Cir. 1990); U.S. v. Real Property, 52 F.Supp. 2nd 254, 264 (D. Mass., 1999); U.S. v. Porcelli, 865 F.2nd 1352, 1355-1356 (2nd Cir. 1989). In U.S. v. Horak, 833 F.2nd 235, 1242-1243 (7th Cir. 1987) the Court refused to allow the forfeiture of claimant's salary, pension and profit sharing benefits unless the government specifically proved that said salary and benefits were obtained because of claimant's racketeering activities.

In the case at hand the Government alleges that the defendant monies are forfeitable, since they are the proceeds of or were used to facilitate the commission of frauds and swindles. The Government claims that these monies were property involved in financial transactions that were designed to conceal the nature, location, source, ownership or control of the proceeds of a 'specified unlawful activity' as defined in Title 18 U.S.C. §1956c, and were also, in addition or in the alternative, proceeds of mail fraud (in violation of 18 U.S.C. § 1341), making them forfeitable under 18 U.S.C. §981 a(1)D. The funds were also allegedly used to commit fraud in applications for loans and credit (18 U.S.C. 1014).

Defendants claim and argue that the Government has not established a nexus between the funds deposited in Defendant bank accounts ##5-7 and the fraud alleged in the complaint. The Court agrees with Defendants' argument. The Court finds that the only linkage between the accounts and the fraud scheme is that the accounts are in the name of Flor de Maria Cacho Bonilla. This is not conclusive because it is uncontested, as established in Defendant Cacho Bonilla's statement of material facts, that she earned legitimate employment salary and benefits as director of ASPRI. Furthermore, there is also no concrete affirmation in Plaintiff's forfeiture claim, motion for summary judgment or any other declaration under oath establishing facts that would lead the Court to conclude that there is probable cause that Defendants ##5-7 constitute funds which are either traceable to, were used or are proceeds from the fraud that Flor de Maria Cacho was convicted of in Criminal Case No. 97-145(DRD).

Civil No. 97-2026(SEC)                                                                                             7

---

In the present case it has also been uncontested that the salary and IRA accounts (Defendants #6 and #7) paid to claimant Flor de Maria Cacho Bonilla by the Board of Directors were totally unrelated to the fraud she committed, since the government conceded that ASPRI's Board of Directors was unaware of her illegal activities. Said salary and IRA accounts were paid as compensation for her legitimate services provided to ASPRI as director.

These salary payments were approved by ASPRI's Board of Directors in 1988, and have not been linked with the fraud perpetrated. Even the Government concedes in its statement of Uncontested Facts #4, that the funding for CECSI was carried out without the knowledge of ASPRI's Board of Directors. Thus, it is uncontested that said IRA and salary payments were made for legitimate work that Flor de Maria Cacho Bonilla rendered to ASPRI. As such, they are not forfeitable funds because they are proceeds neither traceable nor used to carry out the fraud.

One of the other accounts in dispute has been claimed by Daniel Paz **(Docket # 23)** the son of Flor de Maria Cacho Bonilla. Said account is in his mother's name because he was a minor when it was opened. As it appears from the statement under penalty of perjury of claimant Daniel Paz, he inherited a house from his father Daniel Manuel Paz Centeno, who died on September 5, 1974. On May 9, 1977 claimant Paz was declared sole heir of his deceased father. On November 1, 1994, while he was still a minor, his mother Flor de Maria Cacho Bonilla sold the residence for the sum of $60,000.00, which was paid with a mortgage taken by the buyer. Part of the money obtained from said sale was deposited by his mother in certificate of savings account #016-3220293303, of Banco Bilbao Vizcaya (Defendant #5). The Government has not challenged these facts as set forth in Defendants' statement of material facts nor has it presented any allegation in its forfeiture claim or motion for summary judgment that links this account with any of the illegal activities committed by Cacho Bonilla. Furthermore, claimant Daniel Paz was never indicted for the fraud object of

**Civil No. 97-2026(SEC)** 8

---

the forfeiture complaint. For these reasons, the Court must also conclude that the funds in this account are out of the reach of the forfeiture claim.

Since the Government has not established a nexus between the remaining Defendant accounts, the Court cannot determine that there is probable cause to conclude that these funds were obtained and/or used illegally. Therefore, said accounts cannot be forfeited since there are no grounds for such a forfeiture claim.

**Conclusion**

For the reasons stated above Defendants' motion for Summary Judgment will be **GRANTED** and the case will be dismissed with prejudice. Judgment will be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this ___ day of February, 2003.

SALVADOR E. CASELLAS
United States District Judge